```
                   UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

EFRAIN ESPINOZA,                    :
                                    :CIVIL ACTION NO. 3:14-CV-1080
     Plaintiff,                     :
                                    :(JUDGE CONABOY)
          v.                        :(Magistrate Judge Carlson)
                                    :
UNITED STATES OF AMERICA,           :
                                    :
     Defendant.                     :
                                    :
_____

## **MEMORANDUM**

Pending before the Court is Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 15) regarding Defendant's Motion to Dismiss (Doc. 12).  Magistrate Judge Carlson recommends granting Defendant's motion and dismissing Plaintiff's Complaint for failure to prosecute.  (Doc. 15 at 18.)  Neither party has filed objections to the Report and Recommendation and the time for doing so has passed.[1]  For the reasons discussed below, we conclude that this action is subject to dismissal on the alternate statute

---

[1] We do not construe Plaintiff's filings docketed after Magistrate Judge Carlson issue his Report and Recommendation on November 17, 2014, to be objections.  On November 17, 2014, the Court docketed Plaintiff's "Response to Declaration of Motion to Dismiss Plaintiff's Complaint Under Federal Tort Claims Act of 28 U.S.C. § 2671 et seq. Good Cause or Excusable Neglect."  (Doc. 16.) The document is dated November 11, 2014.  (*Id.* at 4.)  On December 2, 2014, the Court docketed "Response to Declaration of Motion to Dismiss Plaintiff's Complaint Under Federal Tort Claims Act of 28 U.S.C. § 2671 et seq. Good Cause or Excusable Neglect."  (Doc. 18.) The documents are almost identical, with the exception that Plaintiff identifies Mexico as his native country in Document 16 paragraph 6, and Honduras as his native country in Document 18 paragraph 6.  We find no legal significance to the filing of Document 18.  Document 16 will be discussed later in the text.

of limitation grounds discussed in the Report and Recommendation. (*See* Doc. 15 at 12-18.)

## 1. Background

Plaintiff filed the above-captioned action on June 4, 2014. (Doc. 1.) He alleges that "[o]n or about June 25, 2011" he became severely ill after eating tainted chicken at USP-Canaan. (*Id.* at 2.) Plaintiff further alleges he complained of feeling ill for several days and asked to see a doctor but got no help. (*Id.*) He states that medical department staff made rounds through the housing unit on June 28, 2011--he was told he would be seen and treated during sick call the next day, but sick call was not conducted. (*Id.*) Plaintiff acknowledges that medical staff became aware of his condition and directed him to eat light, that bland foods were best, and to avoid greasy, fried foods. (*Id.*)

Defendant filed the Motion to Dismiss on October 27, 2014. (Doc. 12.) Defendant's motion was accompanied by a supporting brief. (Doc. 13.) Defendant asserts that the Court should dismiss this Federal Tort Claims Act ("FTCA") action pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Court does not have jurisdiction over Plaintiff's unexhausted FTCA claims. (Doc. 13 at 2.) According to Defendant, Plaintiff timely filed his administrative tort claim but failed to bring this civil action within the required time period after the administrative denial of his claim. (*Id.* at 4.) Defendant sets out the following time line

as supported by Exhibits attached to its brief (Doc. 13-1)[2]: Plaintiff's Standard Form 95 was received by the Regional Counsel's office on December 10, 2012; on January 18, 2013, a letter was sent to Plaintiff advising him that his tort claim had been received; by Memorandum dated June 7, 2013, the Northeast Regional Office notified Plaintiff that his tort claim had been denied.  (Doc. 13 at 4 (citations omitted).)  The June 7, 2013, denial also informed Plaintiff that he could bring an action in the appropriate United States District Court within six months if he was dissatisfied with the decision.  (*Id.*)

On October 28, 2014, Magistrate Judge Carlson issued an Order directing Plaintiff to file a response to Defendant's motion on or before November 12, 2014, pursuant to Local Rule 7.6.  (Doc. 14 at 1.)  Magistrate Carlson also explained that a failure to comply with the directive could result in the motion being deemed unopposed and granted.  (*Id.* at 2.)

In his November 17, 2014, Report and Recommendation, Magistrate Judge Carlson recommended dismissal of Plaintiff's Complaint for failure to prosecute.  (Doc. 15 at 8.)  He found that Plaintiff "has ignored filing deadlines, violated the Local Rules, and declined to litigate this motion to dismiss."  (*Id.*)  On this

---

[2] As noted in the text, *see infra* pp. 8-9, and set out by Defendant in its supporting brief (Doc. 13 at 4 n.2), these Exhibits are appropriately considered in deciding Defendant's motion.

3

basis, Magistrate Judge Carlson concluded "we cannot make the finding of due diligence which is the essential threshold requirement for any equitable tolling claim in response to a statute of limitations defense." (*Id.*)

Plaintiff's response to Defendant's motion was docketed in this Court on November 18, 2014. (Doc. 16.) The document states that Plaintiff deposited it "in the United States Postal mail at United States Penitentiary" on November 11, 2014. (Doc. 16 at 4.) Plaintiff asserts that after he filed the FTCA claim he was extradited to his native country of Mexico.[3] He further avers that he did not receive any notice of the pendency of the tort claim proceedings until he returned to the United States Bureau of Prisons custody on new charges. (Doc. 16 ¶¶ 7, 8.) Plaintiff concludes that, based on his showing good cause or excusable neglect for his untimely filings, his Complaint should not be dismissed. (Doc. 16 ¶ 7.)

On December 1, 2014, Defendant filed a Notice to Court indicating it did not intend to file a reply to Plaintiff's response "absent further order of Court" because "the Report and Recommendation was issued before Defendant's untimely opposition was filed." (Doc. 17 at 1-2.)

---

[3] As noted previously, *see supra* n.1, in an almost identical document dated the following day (November 12, 2014) Plaintiff states that his native country is Honduras. (Doc. 18 ¶ 6.)

4

## **II. Discussion**

***A.   Legal Standards***

**1.   Standard of Review**

When a magistrate judge makes a finding or ruling on a motion or issue, his determination should become that of the court unless objections are filed. *See Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). When objections are filed to a magistrate judge's Report and Recommendation, the district judge makes a *de novo* review of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); *Cippolone v. Liggett Group, Inc.*, 822 F.2d 335, 340 (3d Cir. 1987), *cert. denied*, 484 U.S. 976 (1987). To warrant *de novo* review, the objections must be both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The court may accept, reject or modify, in whole or in part, the findings made by the magistrate judge. 28 U.S.C. § 636(b)(1). Uncontested portions of the report are reviewed for clear error. *Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**2.   Motion to Dismiss Standard**

In a motion to dismiss for failure to state a claim, the defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Courts are directed to "accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

When reviewing a complaint pursuant to a defendant's motion to dismiss for failure to state a claim filed under Federal Rule of Civil Procedure 12(b)(6), the court does so in the context of the requirement of Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claims showing that the pleader is entitled to relief."  The "short and plain statement" must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007). *Twombly* confirmed that more is required than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555 (citations omitted).

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions in *Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

*McTernan,* 577 F.3d at 530.  *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*McTernan* discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct. at 1949.]  Second, a District Court must then determine whether the facts

7

> alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips* [*v. Co. of Alleghany*], 515 F.3d [224,] 234-35 [(3d Cir.2008 )]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. As noted above, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

In deciding a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Courts may also consider "undisputedly authentic document[s] that a defendant attaches as an

8

exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196.

Finally, the district court must extend the plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**B.    Defendant's Motion**

As set out above, Magistrate Judge Carlson recommends the Court grant Defendant's motion and dismiss Plaintiff's Complaint for failure to prosecute.  (Doc. 18 at 19.)  Issued before Plaintiff's "Response to Declaration of Motion to Dismiss Plaintiff's Complaint Under Federal Tort Claims Act of 28 U.S.C. § 2671 et seq. Good Cause or Excusable Neglect" (Doc. 16) was docketed on November 18, 2014, Magistrate Judge Carlson stated "in the absence of any articulated equitable tolling claim, or other response by the plaintiff, we are compelled to recommend that this case be dismissed for failure to prosecute."  (Doc. 15 at 18.)

Plaintiff's "Response to Declaration of Motion to Dismiss Plaintiff's Complaint Under Federal Tort Claims Act of 28 U.S.C. § 2671 et seq. Good Cause or Excusable Neglect" is dated November 11, 2014--the day before the November 12, 2014, deadline set in Magistrate Judge Carlson's October 28, 2014, Order (Doc. 14 at 1). Therefore, pursuant to the prisoner mailbox rule, *Houston v. Lack*, 487 U.S. 266, 276 (1988), the document, though received in this

9

Court after the deadline, is considered timely filed.  Because we must deem Plaintiff's response to Defendant's motion timely filed, the Court cannot adopt the Report and Recommendation insofar as the conclusion that Plaintiff has failed to prosecute his claim is in large part based on his failure to respond to Defendant's motion. (*See* Doc. 15 at 2, 4-12.)

Plaintiff has not objected to the Report and Recommendation. While ordinarily we review a Report and Recommendation to which no objection has been filed for clear error, given the procedural history of this case, proper disposition requires more.  We will therefore review *de novo* Defendant's motion and Plaintiff's response.

Defendant argues dismissal is appropriate because Plaintiff's Complaint is barred by the statute of limitations.  (Doc. 13 at 5.) Specifically, Defendant asserts that 28 U.S.C. § 2401(b) requires that a plaintiff file his FTCA claim in federal court within six months of the final denial of the claim by the agency to which it was presented and here Plaintiff did not do so: the Northeast Regional Office issued the final denial of Plaintiff's claim on June 7, 2013; the statute of limitations required that a complaint be filed by December 8, 2013; and Plaintiff's Complaint is dated May 27, 2014.  (Doc. 13 at 3-5.)

In his response, Plaintiff does not dispute Defendant's assertion that he filed his action in this Court past the six-month

10

period allowed by statute.  Rather, he asserts that he has "shown good cause or excusable neglect for any untimely replies."  (Doc. 16 ¶ 7.)  Plaintiff relates the alleged lack of receipt of the Regional Office notice denying his claim to his deportation, basically asserting that his late filing should be allowed because he learned of the disposition after the statute of limitations had run for filing the claim in this Court.  (Doc. 16 ¶¶ 6-8.) Though vague, Plaintiff's averments raises the question of whether equitable tolling of the applicable statute of limitations may apply in this case.

In his Report and Recommendation, Magistrate Judge Carlson recognized that the equitable tolling doctrine can apply to FTCA claims in appropriate circumstances.  (Doc. 15 at 15 (citing *Santos ex rel. Beato v. United States*, 559 F.3d 189, 194-95 (3d Cir. 2009); *Hedges v. United States*, 404 F.3d 744, 748 (3d Cir. 2005); *Hughes v. United States*, 263 F.3d 272, 278 (3d Cir. 2001)).)  He set out the following framework for the analysis:

> [E]quitable tolling requests are judged by exacting standards. Therefore, "'a plaintiff will not receive the benefit of equitable tolling unless []he exercised due diligence in pursuing and preserving h[is] claim' because '[t]he principles of equitable tolling . . . do not extend to "garden-variety claims of excusable neglect."' *Santos*, 559 F.3d at 197 (citing *Irwin*, 498 U.S. at 96, 111 S.Ct. 453).  The 'remedy of equitable tolling is extraordinary, and we will extend it only sparingly.' *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005).  [In FTCA actions] 'it is especially

11

> appropriate to be restrictive with respect to extension of equitable tolling in cases involving the waiver of the sovereign immunity of the United States.' *Santos*, 559 F.3d at 197 (citing *United States v. Kubrick*, 444 U.S. 111, 117-19, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979))." *Jones v. United States*, 366 F. App'x 436, 439 (3d Cir. 2010). Consequently, "[e]quitable tolling may apply to FTCA claims in three instances: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.' *Hedges*, 404 F.3d at 751 (internal citations omitted)." *Jones v. United States*, 366 F. App'x 436, 439-40 (3d Cir. 2010). Furthermore, where a plaintiff fails to show that his claims were subject to these specific grounds for equitable tolling, tolling is unavailable and the statute of limitations serves as a bar to further litigation. *See e.g.*, *Jones v. United States*, 366 F. App'x 436, 439-40 (3d Cir. 2010); *Hedges v. United States*, 404 F.3d 744, 746 (3d Cir. 2005).

(Doc. 15 at 15-16.)

Magistrate Judge Carlson acknowledges that this Court has "recognized in related cases that the FTCA's statute of limitations might be subject to equitable tolling in this setting." (Doc. 15 at 17 (citing *Jurbala v. United States*, 3:12-CV-1092, 2014 WL 2916474, at *8 (M.D. Pa. June 26, 2014)).) As noted previously, Magistrate Judge Carlson did not find the equitable tolling doctrine applicable here. *See supra* pp. 3-4.

We conclude Plaintiff has not met his burden of showing

12

circumstances which would warrant equitable tolling of the applicable statute of limitations.  *See*, *e.g.*, *Podobnik v. U.S. Postal Service*, 409 F.3d 584, 591 (3d Cir. 2005) (the plaintiff bears the burden of proving that the equitable tolling doctrine applies).  The relevant statute allows the agency six months from the date of filing to adjudicate the claim.  28 U.S.C. § 2675(a).[4] This provision also states that the failure of the agency to make final disposition of the claim within six months shall be deemed a denial of the claim.  *Id.*  Thus, no matter Plaintiff's location or the receipt of the Regional Office denial, he was, or should have been, aware that the Regional Office had six months to adjudicate his claim, and, if it failed to do so, legal consequences resulted. At the very least, a showing of diligence would require evidence that Plaintiff investigated the disposition of his claim at the expiration of the six-month adjudication period.  No evidence suggests that he did.  Furthermore, Plaintiff presents no evidence or argument that Defendant actively misled him, that he was prevented in some extraordinary way from asserting his rights, or that he timely filed this action in the wrong forum.  *Hedges*, 404 F.3d at 751.  In these circumstances, at most Plaintiff presents a "garden-variety claim[] of excusable neglect."  *Santos*, 559 F.3d at

---

[4]  Plaintiff shows awareness of the governing statute in that he cites 28 U.S.C. § 2675 in his December 4, 2012, administrative filing.  (*See* Doc. 13-1 at 8.)  Regional Office January 18, 2013, correspondence to Plaintiff also apprises him of this time period. (Doc. 13-1 at 10.)

13

197. His argument that his late filing should be allowed because he learned of the disposition after the statute of limitations for filing the claim in this Court had run does not satisfy any recognized basis for applying the equitable tolling doctrine. (Doc. 16 ¶¶ 6-8.)

Because equitable tolling in unavailable to Plaintiff, Plaintiff's Complaint must be dismissed and the statute of limitations is a bar to further litigation of his FTCA claim. Thus, Defendant's Motion to Dismiss (Doc. 12) is properly granted. Given the basis for this disposition, we further conclude that allowing Plaintiff an opportunity to amend would be futile.[5]

### III. Conclusion

For the reasons discussed above, though the Court agrees with Magistrate Judge Carlson's conclusions that Plaintiff is not entitled to equitable tolling, Defendant's motion should be granted and Plaintiff's Complaint should be dismissed, the procedural posture of the case requires us to do so on other grounds. Therefore, we are able to adopt only the suggested disposition set out in the Report and Recommendation (Doc. 15.) Defendant's Motion to Dismiss (Doc. 12) is granted. Plaintiff's Complaint (Doc. 1) is

---

[5] If Plaintiff can show otherwise, he may file a motion for reconsideration of this disposition in accordance with the Local Rules of Court of the Middle District of Pennsylvania and the Federal Rules of Civil Procedure within fourteen (14) days of the date of this Order.

dismissed.  An appropriate Order is filed simultaneously with this Memorandum.

>S/Richard P. Conaboy
>RICHARD P. CONABOY
>United States District Judge

DATED: December 11, 2014

15